WALTER LEE CHESSER,

        Plaintiff,

v.

                                               Case No. 24-cv-974-pp

THE MIL CLOTHING COMPANY, LLC,

        Defendant.

**ORDER GRANTING MOTION TO STRIKE ANSWER (DKT. NO. 11) AND DENYING WITHOUT PREJUDICE MOTIONS FOR DEFAULT JUDGMENT (DKT. NOS. 9, 10, 11)**

        The plaintiff—who is representing himself—filed a complaint alleging that the defendant is selling clothing that infringes upon the plaintiff's "MIL-TOWN" trademark. Dkt. No. 3. The defendant, a limited liability company, filed a purported answer to the complaint, but no attorney has filed an appearance for the defendant. See Dkt. No. 6. The plaintiff has filed three motions for default judgment, dkt nos. 9, 10, 11, and a motion to strike the defendant's answer, dkt. no. 11. The court will grant the plaintiff's motion to strike the defendant's answer and deny his motions for default judgment without prejudice.

**I.    Background**

        On August 1, 2024, the plaintiff filed a complaint against Branden Keefe Boyd, alleging that Boyd was selling clothing that infringed upon the plaintiff's "MIL-TOWN" trademark. Dkt. No. 1. The following day, the plaintiff filed an amended complaint replacing Boyd with The Mil Clothing Company, LLC as the

1

defendant. Dkt. No. 3. On October 4, 2024, the plaintiff filed a proof of service asserting that on September 18, 2024, a process server had served the defendant's registered agent, Branden Boyd, with the summons and amended complaint. Dkt. No. 5.

On October 9, 2024, the defendant filed an answer to the complaint. Dkt. No. 6. The answer does not identify any legal counsel for the defendant. The answer is signed, but there is no printed name underneath the signature and the court is unable to discern who signed the document. See id. at 2. The answer states that the defendant pleads "not guilty" to trademark infringement claims. Id. In the eight months the case has been pending, no attorney has filed an appearance on the behalf of the defendant.

On October 17, 2024, the court received from the plaintiff a motion for default judgment under Federal Rule of Civil Procedure 55(b), arguing that the defendant failed to appear and respond to the amended complaint within twenty-one days of service. Dkt. No. 9. The next day, the court received from the plaintiff an amended motion for default judgment, which was substantially the same as the first motion but revised the plaintiff's request for relief. Dkt. No. 10. Four days later, the court received from the plaintiff a combined motion to strike the defendant's answer and a renewed amended motion for default judgment; in it, the plaintiff stated that he had only then become aware of the defendant's purported answer. Dkt. No. 11. Almost a month later, on November 19, 2024, the court received from the plaintiff a brief in support of his motion

for default judgment. Dkt. No. 14. The defendant has not responded to any of the plaintiff's filings.

## II. Motion to Strike (Dkt. No. 11)

The plaintiff argues that the defendant's answer is improper because it was filed by an unknown individual, not an attorney. Dkt. No. 11 at ¶2. The plaintiff asserts that a corporation or limited liability company (LLC) like the defendant must be represented by counsel and cannot represent itself in court. Id. at ¶3 (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993)). The plaintiff argues that the defendant did not submit a proof of service of the answer and did not serve him with a copy of the answer, which "further invalidates the filing" and has "prejudiced Plaintiff's ability to adequately respond." Id. at ¶¶4–5. The plaintiff accuses the defendant of "not tak[ing] this lawsuit seriously" and argues that allowing the defendant's improperly filed answer to stand would "unfairly prejudice Plaintiff and reward Defendant's lack of compliance with the rules governing litigation in federal court." Id. at ¶¶6–7.

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored because they potentially serve only to delay. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state

3

of the facts which could be proved in support of the defense." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

The court will grant the plaintiff's motion to strike the answer—not because it contains an insufficient defense or any redundant, immaterial, impertinent or scandalous matter, but because it does not appear to have been filed by an attorney. "[A] limited liability company, like a corporation, cannot litigate pro se or be represented in [ ] litigation by a nonlawyer." 1756 W. Lake St. LLC v. Am. Chartered Bank, 787 F.3d 383, 385 (7th Cir. 2015); see also Rowland, 506 U.S. at 201–02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). "This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation." United States v. Certain Real Prop., 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018). The Seventh Circuit Court of Appeals has explained that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008).

Because it is a limited liability corporation, the defendant must appear through licensed counsel. The defendant cannot represent itself in this litigation, and whoever signed the defendant's purported answer cannot represent the defendant unless that person is a licensed attorney; if the

4

signator *is* a licensed attorney and will represent the defendant in this case, that person must file a notice of appearance. The court will strike the defendant's answer.

### III. Motions for Default Judgment (Dkt. Nos. 9, 10 and 11)

As the court has explained, the plaintiff has filed a motion for default judgment, dkt. no. 9, an amended motion for default judgment, dkt. no. 10, and a renewed amended motion for default judgment, dkt. no. 11. The plaintiff has not, however, requested *entry of default* against the defendant.

Federal Rule of Civil Procedure 55 requires a two-step process before a court may enter default judgment. A party first must seek from the Clerk of Court entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). After the clerk has entered default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b).

Because the plaintiff has not yet sought (or obtained) entry of default, the court will deny without prejudice the plaintiff's motions for default judgment. If the plaintiff wishes to obtain a default judgment against the defendant, he first must file a request with the Clerk of Court for entry of default, explaining when and how he served the defendant. If the clerk enters default, the plaintiff then may file a new motion for default judgment.

### IV. Miscellaneous

The court urges the plaintiff to review this district's Local Rules before filing anything further in this case. They are available on the court's website at https://www.wied.uscourts.gov, under "Local Rules and Guidance." Civil Local

5

Rule 7 (E.D. Wis.) governs the form of motions and related papers. Rule 7(a) states that every motion must be *accompanied* by a supporting memorandum or a certificate stating that no memorandum or supporting papers will be filed. The court received the plaintiff's brief in support of his motions for default judgment a month after it received his motions. See Dkt. No. 14. The plaintiff must file a brief in support of any motion at the same time he files the motion; he cannot file a supporting brief at a later date. The court also advises the plaintiff to think through the arguments he wishes to make in any motion and supporting brief and submit them to the court *once*—and at the same time. If the plaintiff wishes to amend or supplement his filings after the fact, he must file a motion asking the court for permission to do so. See Civil L.R. 7(i) ("Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it.").

**V.    Conclusion**

The court **GRANTS** the plaintiff's motion to strike the defendant's answer. Dkt. No. 11.

The court **DENIES WITHOUT PREJUDCE** the plaintiff's motion for default judgment, amended motion for default judgment and renewed amended motion for default judgment. Dkt. Nos. 9, 10, 11.

If the plaintiff wishes to pursue a default judgment against the defendant, he must file both a request for the entry of default and a separate motion for default judgment in time for the court to *receive* them by the end of

6

the day on **June 20, 2025**. See Fed. R. Civ. P. 55. In the alternative, the plaintiff must file a report updating the court as to the status of the case and his proposed next steps; again, he must file that report in time for the court to *receive* it by day's end on **June 20, 2025**.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**